UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MOUNTAIN VALLEY PROPERTY, INC., <br><br>               **Plaintiff** <br><br> v. <br><br> APPLIED RISK SERVICES, INC., et al., <br><br>               **Defendants** | **Civil No. 1:15-cv-187-DBH** |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On December 22, 2015, the United States Magistrate Judge filed with the court, with copies to counsel, his Recommended Decision on the defendants' motion to dismiss this case and send the dispute to arbitration. The plaintiff filed an objection to the Recommended Decision on January 8, 2016, raising two issues, and I held oral argument on February 23, 2016.

The central disputed issue is whether the underlying conflict between two of the parties must go to arbitration and, in that respect, whether this court or the arbitrator should first decide whether the conflict is arbitrable. Because the contract has a Nebraska law clause, and because Nebraska has a statute and Supreme Court decision making arbitration clauses in insurance contracts invalid,[1] the plaintiff argues that I should first determine whether the mandatory

---

[1] Neb. Rev. Stat. Ann. § 25-2602.01(f)(4) (West 2015); Speece v. Allied Prof'ls Ins. Co., 853 N.W.2d 169, 174 (Neb. 2014); Kremer v. Rural Cmty. Ins. Co., 788 N.W.2d 538, 553 (Neb. 2010).

clause in the contract is valid.[2]  On that topic, I agree with the Magistrate Judge that the following language in the arbitration clause is key:

> All disputes between the parties relating in any way to (1) the execution and delivery, construction or enforceability of this Agreement, (2) the management or operations of the Company, or (3) any other breach or claimed breach of this Agreement or the transactions contemplated herein shall be . . . finally determined exclusively by binding arbitration . . . .

Pl.'s First Am. Compl., Ex. B at ¶ 13(B) (ECF No. 31-2).  I also agree with the Magistrate Judge that "[b]y including the 'enforceability' of the agreement within the scope of arbitration, the parties clearly and unmistakably agreed to arbitrate the issue of arbitrability."  Recommended Decision at 8 (ECF No. 44).  In a decision directly on point, the United States Court of Appeals for the Sixth Circuit reached the same conclusion.  <u>Milan Express Co., Inc. v. Applied Underwriters Captive Risk Assurance Co.</u>, 590 F. App'x 482 (6th Cir. 2014).  I find its reasoning persuasive.[3]

The plaintiff cites a number of cases that refer to the "validity" of an arbitration clause as a question for the court, not the arbitrator.  The cases

---

[2] There are a number of subsidiary issues for the decision-maker: for example, is the document in question an "agreement concerning or relating to an insurance policy other than a contract between insurance companies including a reinsurance contract," NEB. REV. STAT. ANN. § 25-2602.01(f)(4); is the contract's Nebraska law clause a choice-of-law for all purposes, including validity or enforceability; is the Nebraska arbitration prohibition preempted by the Federal Arbitration Act ("FAA"), or is the FAA "reverse preempted" by reason of the McCarran-Ferguson Act for regulations dealing solely with insurance?

[3] Similarly persuasive is the language from the Supreme Court in <u>Southland Corporation v. Keating</u>, 465 U.S. 1, 10-11 (1984):
> We discern only two limitations on the enforceability of arbitration provisions governed by the Federal Arbitration Act: they must be part of a written maritime contract or a contract "evidencing a transaction involving commerce" and such clauses may be revoked upon "grounds as exist at law or in equity for the revocation of any contract." We see nothing in the Act indicating that the broad principle of enforceability is subject to any additional limitations under State law.

(Quoting 9 U.S.C.A. § 2.)

2

generally make that assertion, however, in the context of section 2 of the Federal Arbitration Act ("FAA"), which states that a written arbitration provision "shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*"  9 U.S.C.A. § 2 (2009 & Supp. 2015) (emphasis added).  I agree with the Sixth Circuit's holding in Milan Express that the asserted invalidity of an arbitration clause under Nebraska insurance law does not fit under "such grounds as exist at law or in equity for the revocation of any contract."  590 F. App'x at 485-86 (quoting 9 U.S.C.A. § 2).[4]  Instead, "the proper framework for deciding when disputes are arbitrable under [Supreme Court] precedents . . . [is that] a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*."  Granite Rock Co. v. Int'l Bhd. Of Teamsters, 561 U.S. 287, 297 (2010).  Likewise:

> "The FAA reflects the fundamental principle that arbitration is a matter of contract."  Therefore, the first principle that underscores all of the Supreme Court's arbitration decisions is that "[a]rbitration is strictly a matter of consent, and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration."

Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375-76 (1st Cir. 2011) (citation omitted) (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S.

---

[4] According to the Sixth Circuit:
> Milan has not asserted such a challenge to the validity of the arbitrability agreement, specifically (or the Agreement as a whole), on grounds that would warrant revocation.  Rather, Milan's challenge to the arbitration clause as a whole, is limited to the argument that it is unenforceable under Nebraska law.  Milan *may* be right about this, but enforceability is a question the parties expressly agreed to submit to arbitration, an agreement Milan has not challenged on fraud or unconscionability grounds.

Milan Express, 590 F. App'x at 486.  That is exactly the case here.

63, 67, 77 (2010)). Here, given the contractual language I quoted earlier, there can be no dispute that the parties agreed to submit their dispute, including the enforceability of any portion of the contract, to the arbitrator.[5]

The second issue is whether the Magistrate Judge properly held arbitrable the plaintiff's dispute with two parties who did not sign the contract containing the arbitration clause in question. The parties agree that in the defendants' reply memorandum on their motion to dismiss and at oral argument before the

---

[5] I do not mean to imply that the matter is entirely free from doubt, given the language that the Supreme Court and appellate courts sometimes use. For example, Granite Rock states:

> Applying this principle [*i.e.*, that consent is key], our precedents hold that courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue. Where a party contests either or both matters, "the court" must resolve the disagreement.

561 U.S. at 299-300 (citation omitted). The arbitration clause here *does* specifically commit enforceability and applicability to the arbitrator, but the plaintiff argues that the provision is not "valid," and thus that the court must resolve the disagreement. The Supreme Court stated in Rent-A-Center that "[i]f a party challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement . . . ." 561 U.S. at 71. But it then illustrates that principle by referring to "fraud in the inducement of the arbitration clause itself," id. (quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967), which, of course, fits directly within the language of section 2 concerning "such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C.A. § 2. The First Circuit also states broadly that "if a party challenges the validity of the arbitration clause itself, a court must determine the challenge, for one must enter into the system somewhere," Farnsworth v. Towboat Nantucket Sound, Inc., 790 F.3d 90, 96 (1st Cir. 2015) (quotation marks omitted), but the case did not turn on that statement. See id. at 96-98 (detailing how Farnsworth had failed to challenge the validity of the arbitration clause itself). At oral argument, the plaintiff argued that Supreme Court references in Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006) and Southland Corporation demonstrate that the court must determine the validity issue here. The Buckeye reference appears in the Supreme Court's efforts to categorize challenges. 546 U.S. at 444. In referring to challenges to the validity of the arbitration clause itself (the nature of the challenge in this case), Buckeye then cited Southland Corporation as an example of that category of challenge. Id. Southland Corporation was a case where the California Supreme Court refused to send to arbitration a controversy on account of a state statute, 645 P.2d 1192, 1203-04 (Cal. 1982), and the Supreme Court of the United States reversed the California decision, holding that the Federal Arbitration Act preempted California law. 465 U.S. at 16. Unlike the plaintiff, I do not draw any conclusive inference from those two cases for this controversy.

At the rebuttal stage of oral argument, the plaintiff seemed to raise a scope issue. Under the broad language of the arbitration clause, however, the arbitrator makes the first judgment on such an argument. See Dialysis Access Ctr., LLC, 638 F.3d at 376.

Magistrate Judge, the defendants said they were seeking a declaration of arbitrability only as to the dispute between the plaintiff and the defendant Applied Underwriters Captive Risk Assurance Co., Inc., ("AUCRA")—the entity that did sign the contract whose arbitration clause is in dispute.  As for the other two defendants (who were not signatories), they were seeking only a stay of this lawsuit pending the outcome of the arbitration between the plaintiff and AUCRA.  I will therefore modify the Magistrate Judge's Recommended Decision to reflect the defendants' stay request.

Accordingly, I conclude that the dispute between the plaintiff and the defendant AUCRA should be referred to arbitration.  Dismissal is not appropriate, but I **ORDER** that a stay be entered of this lawsuit against AUCRA to permit the plaintiff's dispute with AUCRA to proceed to arbitration.  I also **ORDER** a stay of the lawsuit as against the other two defendants, for reasons of judicial economy, pending the outcome of the arbitration between the plaintiff and AUCRA.  Finally, I **ORDER** the parties to report every six months on the status of the arbitration proceeding.

**SO ORDERED.**

**DATED THIS 25TH DAY OF FEBRUARY, 2016**

                                              /S/D. BROCK HORNBY
                                              **D. BROCK HORNBY**
                                              **UNITED STATES DISTRICT JUDGE**